UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID THEM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MKS INSTRUMENTS, INC., a Massachusetts corporation,<br><br>　　　　Defendant. | CAUSE NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

COMES NOW the Plaintiff David Them, by and through his attorney of record, Rebecca E. Ary, of the Law Office of Rebecca E. Ary, and for his complaint states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff David Them ("Plaintiff") is an individual living in Washington.

2. Defendant MKS Instruments, Inc. ("Defendant") is a Massachusetts corporation with headquarters in Andover, Massachusetts.

Complaint
Page 1 of 8

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570

3. Plaintiff alleges claims pursuant to the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. §621 *et seq.*).

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

5. Defendant employed Plaintiff to work from his home in Cowlitz County, Washington.

6. Venue is proper in the Western District of Washington at Tacoma because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. During the entire term of Plaintiff's employment by Defendant and all of calendar year 2022, Defendant had at least twenty employees.

8. Defendant sells goods to buyers in multiple states. Defendant is engaged in an industry affecting commerce.

9. Plaintiff was employed by Defendant beginning in 1986 as a District Sales Manager. Plaintiff resigned in 1994 to accept a more desirable position at another company. Defendant reemployed Plaintiff, beginning on or about March 1, 2019, as a Senior Territory Manager (sometimes referred to as a Senior Sales Territory Manager) serving semiconductor customers in the region.

10. Plaintiff performed his job duties in a satisfactory manner or better throughout his employment, as evidenced (in part) by his satisfactory performance reviews.

11. On or about June 13, 2022, Gavin Shepheard (Defendant's Senior Director of U.S. Sales), and Brena Kennedy (Human Resources) informed Plaintiff that he had been selected for layoff and that his last day of work would be June 17, 2022. During this

Complaint
Page 2 of 8

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570

conversation, Mr. Shepheard told Plaintiff that the decision to lay him off had nothing to do with his performance.

12. Plaintiff's sixty-fifth birthday was in July 2022, approximately one month after his layoff.

13. Defendant selected Plaintiff for layoff because of his age.

14. Ben Bowers ("Mr. Bowers") was a Senior Territory Manager (also referred to as a Senior Sales Territory Manager).  Before Plaintiff's layoff, Mr. Bowers had been primarily serving what Defendant refers to as its "Advanced" accounts.  Mr. Bowers also handled some smaller semiconductor accounts.

15. After his layoff, Plaintiff's job duties were assumed by Mr. Bowers.  In addition to the Advanced accounts and smaller semiconductor accounts he had been handling, Mr. Bowers began handling the semiconductor accounts which had been Plaintiff's responsibility.

16. On information and belief, Mr. Bowers was 37 years old at the time of Plaintiff's layoff.

17. Mr. Bowers is substantially younger than Plaintiff.

18. Defendant did not even consider laying off Mr. Bowers.

19. During Plaintiff's first term of employment with Defendant, he had handled Advanced accounts in addition to semiconductor accounts.

20. Immediately prior to rehiring Plaintiff in 2019, Defendant interviewed him for two Senior Territory Manager positions – the one handling semiconductor accounts and the one handling Advanced accounts.

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570

21. At the time of Plaintiff's layoff, Mr. Bowers' qualifications were equal or inferior to Plaintiff's.

22. Had Defendant chosen to layoff Mr. Bowers rather than Plaintiff, Plaintiff could have easily assumed Mr. Bowers' job duties.

23. Around the time of his layoff, Plaintiff received from Defendant a document entitled "OWBPA Appendix." That document states, in part, "The decisional unit consists of all U.S. employees within (1) the organizations managed by Jennifer Reilly, Connie Flynn, Dave Henry, and Eric Taranto; and (2) Global Operations (excluding Direct Labor and Direct Repair employees, and the Procurement organization managed by Enrique Medina." When using the term "decisional unit," Plaintiff is referring to the decisional unit as described in the document entitled "OWBPA Appendix."

24. At the time of Plaintiff's layoff, Defendant employed fourteen other Senior Sales Territory Managers in the decisional unit. All of them were younger than Plaintiff. None of them were selected for layoff. Of the employees in the decisional unit working in the Sales Department, Plaintiff was the oldest and the only one selected for layoff.

25. Of the fifteen employees in the decisional unit who Defendant selected for layoff, nine (60%) were aged sixty or older. Of the 1,249 employees in the decisional unit, 267 (21%) were aged sixty or older.

26. Defendant laid off employees aged sixty or older at a statistically significant higher rate as compared to employees younger than sixty.

27. Plaintiff lost wages and other benefits of employment as a result of Defendant's unlawful termination of his employment.

Complaint
Page 4 of 8

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570

28. Plaintiff suffered emotional distress as a result of Defendant's unlawful conduct.

29. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on December 19, 2022. On May 6, 2023, Plaintiff received a Notice of Right to Sue from that agency. Fewer than ninety days have elapsed since Plaintiff received that Notice.

**FIRST CAUSE OF ACTION**
**Age Discrimination**
**Disparate Treatment**
**RCW 49.60.180**

30. Plaintiff realleges and incorporates herein all of the above allegations.

31. Defendant took adverse employment actions against Plaintiff, including selecting him for layoff, eliminating his position, and discharging him.

32. At the time of the adverse employment actions, Plaintiff was 64 years old.

33. Plaintiff's age was a substantial factor in the adverse employment actions taken against him by Defendant.

34. Defendant's above-described actions toward Plaintiff amounted to discrimination based on age in violation of RCW 49.60.180.

35. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, emotional distress, and other general compensatory damages in an amount to be proven at trial.

Complaint
Page 5 of 8

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570

**SECOND CAUSE OF ACTION**
**Age Discrimination**
**Disparate Impact**
**RCW 49.60.180**

36. Plaintiff realleges and incorporates herein all of the above allegations.

37. In determining which employees to select for layoff, Defendant used an overall selection process that was facially neutral and included objective features.

38. That overall selection process had a disparate impact on older employees, especially employees over the age of sixty, including Plaintiff.

39. Defendant's above-described actions amounted to discrimination based on age in violation of RCW 49.60.180.

40. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future economic loss, emotional distress, and other general compensatory damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**Age Discrimination**
**Disparate Treatment**
**29 U.S.C. §621** *et seq.*

41. Plaintiff realleges and incorporates herein all of the above allegations.

42. Defendant took adverse employment actions against Plaintiff, including selecting him for layoff, eliminating his position, and discharging him.

43. At the time of the adverse employment actions, Plaintiff was 64 years of age.

44. Plaintiff's age was the but-for cause of adverse employment actions taken against him by Defendant.

Complaint
Page 6 of 8

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570

45. Defendant's above-described actions toward Plaintiff amounted to age discrimination in violation of 29 U.S.C. §621 *et seq.*

46. Such conduct by Defendant caused Plaintiff to suffer injuries and damages including past and future wage loss in an amount to be proven at trial.

47. Defendant's discriminatory conduct was willful, entitling Plaintiff to liquidated damages in an amount equal to his past wage loss.

## OTHER CLAIMS

48. Plaintiff specifically reserves the right to amend his Complaint to allege age-based disparate impact in violation of 29 U.S.C. §621 *et seq.*, if Plaintiff discovers sufficient evidence to support that claim. Plaintiff reserves the right to conduct discovery into that potential claim.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for award and entry of judgment against Defendant as follows:

A. Actual damages, including front and back pay and other employment benefits;

B. General damages, including emotional distress;

C. Liquidated damages pursuant to 29 U.S.C. §626;

D. Damages for reasonable attorney's fees and costs in accordance with RCW 49.48.030, RCW 49.60.030, 29 U.S.C. §626, and other applicable law;

E. For the maximum allowable pre- and post-judgment interest;

F. Damages to offset any adverse tax consequences;

Complaint
Page 7 of 8

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570

G. For any and all other relief that the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to FRCP 38.

DATED this 2nd day of August, 2023.

    Law Office of Rebecca E. Ary

*s/ Rebecca E. Ary*_____
Rebecca E. Ary, WSBA #37841
Plaintiff's Attorney
Law Office of Rebecca E. Ary
3616 Colby Ave. #425
Everett, WA 98201
(425) 252-4570
rebecca@arylaw.com

Complaint
Page 8 of 8

**The Law Office of Rebecca E. Ary**
3616 Colby Ave. #425, Everett, WA 98201
rebecca@arylaw.com
(425) 252-4570