HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID THEM,

                    Plaintiff,

        vs.

MKS INSTRUMENTS INC.,

                    Defendant.

NO.  3:23-cv-05694-KKE

**DEFENDANT MKS INSTRUMENTS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

TO:          The Clerk of the Court;

AND TO:     All Parties and Their Counsel of Record.

        Defendant MKS Instruments Inc. (hereafter, "Defendant") by and through its undersigned attorneys of record, hereby submits its responses and asserts the following affirmative defenses to the Complaint filed by Plaintiff David Them ("Plaintiff").  Except as specifically admitted to herein, Defendant denies each and every allegation in the Complaint.

## I.        PARTIES AND JURISDICTION

        1.      Answering paragraph 1 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of Plaintiff's allegations herein, and on that basis, Defendant denies.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 1
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822

2.    Answering paragraph 2 of the Complaint, Defendant admits

3.    Answering paragraph 3 of the Complaint, Defendant admits that Plaintiff brought this cause of action. Defendant denies that it violated the Age Discrimination in Employment Act of 1967.

4.    Answering paragraph 4 of the Complaint, whether jurisdiction is proper calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

5.    Answering paragraph 5 of the Complaint, Defendant admits that it employed Plaintiff in a remote capacity. Defendant is without sufficient information to form a belief as to the truth of Plaintiff's remaining allegations, and on that basis, Defendant denies.

6.    Answering paragraph 6 of the Complaint, whether venue is proper calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

## II.    FACTUAL ALLEGATIONS

7.    Answering paragraph 7 of the Complaint, Defendant admits.

8.    Answering paragraph 8 of the Complaint, Defendant admits that it sells goods in multiple states. The remaining allegations call for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

9.    Answering paragraph 9 of the Complaint, Defendant admits that it employed Plaintiff in 1986; Plaintiff resigned in 1994; and on or about March 1, 2019, at the age of 62, Defendant rehired Plaintiff to work as a Senior Territory Manager serving outside semiconductor customers. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations, and on that basis, Defendant denies.

10.    Answering paragraph 10 of the Complaint, Defendant admits that while Plaintiff performed his job duties in a satisfactory manner, his colleagues were performing better. As to any remaining allegations, Defendant denies.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 2
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822

11. Answering paragraph 11 of the Complaint, Defendant admits that Plaintiff Gavin Shepheard and Brena Kenney informed Plaintiff that he had been selected for a layoff and that his last day would be June 17, 2022. As for the remaining allegations, Defendant denies.

12. Answering paragraph 12 of the Complaint, Defendant admits.

13. Answering paragraph 13 of the Complaint, Defendant denies.

14. Answering paragraph 14 of the Complaint, Defendant admits that Ben Bowers was a Senior Territory Manager serving advanced and semiconductor accounts. As to any remaining allegations, Defendant denies.

15. Answering paragraph 15 of the Complaint, Defendant admits that Mr. Bowers managed Plaintiff's accounts after his layoff. As to any remaining allegations, Defendant denies.

16. Answering paragraph 16 of the Complaint, Plaintiff admits.

17. Paragraph 17 of the Complaint, calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

18. Answering paragraph 18 of the Complaint, Defendant denies.

19. Answering paragraph 19 of the Complaint, Defendant admits that during Plaintiff's first stint of employment, which ended almost 20 years ago, he serviced semiconductor accounts and had minimal contact with advanced accounts of limited product lines. As to any remaining allegations, Defendant denies.

20. Answering paragraph 20 of the Complaint, Defendant admits that Plaintiff was interviewed for a Senior Sales Territory Manager position handling semiconductor accounts. Defendant denies that Plaintiff was interviewed and/or considered for a Senior Territory Manager position handling Advanced accounts.

21. Answering paragraph 21 of the Complaint, Defendant denies.

22. Answering paragraph 22 of the Complaint, Defendant denies.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 3
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822

23.     Answering paragraph 23 of the Complaint, admits that Plaintiff received a document entitled OWBPA Appendix. The document speaks for itself, and Defendant denies any allegation inconsistent with the document.

24.     Answering paragraph 24 of the Compliant, Defendant admits that all senior sales territory managers in the decisional unit but three were over the age of 40. On information and belief, Plaintiff was the only Senior Sales Territory Manager Selected for layoff. As to any remaining allegations, Defendant denies.

25.     Answering paragraph 25 of the Complaint, Defendant admits that out of the employees in the decisional unit who were laid off, nine were 60 or older. Defendant denies the remaining allegations.

26.     Answering paragraph 26 of the Complaint, Defendant denies.

27.     Answering paragraph 27 of the Complaint, Defendant denies.

28.     Answering paragraph 28 of the Complaint, Defendant denies.

29.     Answering paragraph 29 of the Complaint, Defendant admits.

### III.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Age Discrimination**
**Disparate Treatment**
**RCW 49.60.180**

30.     Answering paragraph 30 of the Complaint, Defendant repeats and incorporates its responses to paragraphs 1 through 29 as if set forth fully herein.

31.     Paragraph 31 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

32.     Answering paragraph 32 of the Complaint, Defendant denies that it took adverse action against Plaintiff. Defendant admits that Plaintiff was 64 at the time of his layoff.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 4
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822

33.    Paragraph 33 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

34.    Paragraph 34 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

35.    Answering paragraph 35 of the Complaint, Defendant denies, including that Plaintiff suffered the injuries and damages alleged herein.

### SECOND CAUSE OF ACTION
### Age Discrimination
### Disparate Impact
### RCW 49.60.180

36.    Answering paragraph 36 of the Complaint, Defendant repeats and incorporates its responses to paragraphs 1 through 35 as if set forth fully herein.

37.    Paragraph 37 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

38.    Paragraph 38 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies. Defendant denies that it discriminated against Plaintiff

39.    Paragraph 39 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies. Defendant denies that it discriminated against Plaintiff.

40.    Answering paragraph 40 of the Complaint, Defendant denies, including that Plaintiff suffered the injuries and damages alleged herein.

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 5
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822

**THIRD CAUSE OF ACTION**
**Age Discrimination**
**Disparate Treatment**
**29 U.S.C. §621,** *et seq.*

41.     Answering paragraph 41 of the Complaint, Defendant repeats and incorporates its responses to paragraphs 1 through 40 as if set forth fully herein.

42.     Paragraph 42 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies.

43.     Answering paragraph 43 of the Complaint, Defendant denies that it took adverse action against Plaintiff. Defendant admits that Plaintiff was 64 at the time of his layoff.

44.     Paragraph 44 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies. Defendant denies that it discriminated against Plaintiff.

45.     Paragraph 45 of the Complaint calls for a legal conclusion for which no answer is required, and on that basis, Defendant denies. Defendant denies that it discriminated against Plaintiff.

46.     Answering paragraph 46 of the Complaint, Defendant denies, including that Plaintiff suffered the injuries and damages alleged herein.

47.     Answering paragraph 47 of the Complaint, Defendant denies.

### IV.     OTHER CLAIMS

48.     Paragraph 48 of Plaintiff's Complaint does not require an answer. To the extent it does require an answer, Defendant denies.

### V.     PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the damages or injuries asserted in Plaintiff's Prayer for Relief, including paragraphs A-G.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 6
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822

## VI.    JURY DEMAND

Plaintiff's demand for a jury trial requires no answer. To the extent it does require an answer, Defendant denies.

## VII.    GENERAL DENIAL

Any allegations or statements in the Complaint that are not expressly admitted herein are denied by Defendant.

## VIII.    AFFIRMATIVE DEFENSES

By way of further answer, and without admitting any allegations previously denied, and without assuming any burden properly borne by Plaintiff, Defendant reserves the right to assert the following defenses and/or affirmative defenses, pending further discovery:

1.    Plaintiff's injuries or damages, if any, were caused in whole or in part by Plaintiff's failure to mitigate, minimize, or otherwise reduce his damages, including but not limited to, failing to mitigate damages through new employment.

2.    Plaintiff's claims and damages are barred in whole or in part based on the same actor inference.

3.    Plaintiff's claims and damages are barred in whole or in part because Plaintiff was laid off based on a reasonable factor other than age because the decision was based on a reasonable and legitimate business consideration other than age.

4.    Plaintiff's claims and damages are barred in whole or in part because Defendant did not lay off employees in a protected class, including age, at a statistically significant higher rate than those outside of the class.

5.    Plaintiff's claims and damages are barred in whole or in part because Defendant acted in good faith and with proper justification at all relevant times when evaluating who to lay off.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 7
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822

6.      Any recovery by Plaintiff is barred in whole or in part on the basis of the doctrine of after-acquired evidence.

7.      Defendant has not yet conducted discovery to determine the full extent of Plaintiff's claims. Defendant reserves the right to add to, amend, supplement, or withdraw any of the above affirmative defenses. Defendant also reserves the right to amend this answer to add counterclaims, cross claims, third-party claims, and additional parties as investigation and discovery require.

## IX.    DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant, having fully answered the Complaint, pray for judgment as follows:

1.      Dismissal of the Complaint, with prejudice and without costs;

2.      For an award of all costs, disbursement, and reasonable attorney fees allowed by statute and contract; and

3.      For such other relief as the court may deem just or equitable.

Dated:  December 8, 2023.

GORDON REES SCULLY MANSUKHANI, LLP

By: 

Sarah N. Turner, WSBA #37748
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5115
Fax: (206) 689-2822
sturner@grsm.com

*Attorney for Defendant MKS Instruments, Inc.*

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES - 8
NO.  3:23-cv-05694-KKE

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-6115
Facsimile: (206) 689-2822